UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSEVIER INC., ELSEVIER B.V., ELSEVIER LTD. | Index No. 15-cv-4282 (RWS) |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| SCI-HUB d/b/a WWW.SCI-HUB.ORG, THE LIBRARY GENESIS PROJECT d/b/a LIBGEN.ORG, ALEXANDRA ELBAKYAN, JOHN DOES 1-99, | |
| Defendants. | |

Plaintiffs Elsevier Inc, Elsevier B.V., and Elsevier Ltd. (collectively "Elsevier"), by their attorneys DeVore & DeMarco LLP, for their complaint against www.scihub.org, www.libgen.org, Alexandra Elbakyan, and John Does 1-99 (collectively the "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action seeking damages and injunctive relief for: (1) copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*); and (2) violations of the Computer Fraud and Abuse Act, 18.U.S.C. § 1030, based upon Defendants' unlawful access to, use, reproduction, and distribution of Elsevier's copyrighted works. Defendants' actions in this regard have caused and continue to cause irreparable injury to Elsevier and its publishing partners (including scholarly societies) for which it publishes certain journals.

1

## PARTIES

2.     Plaintiff Elsevier Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 360 Park Avenue South, New York, New York 10010.

3.     Plaintiff Elsevier B.V. is a corporation organized under the laws of the Netherlands, with its principal place of business at Radarweg 29, Amsterdam, 1043 NX, Netherlands.

4.     Plaintiff Elsevier Ltd. is a corporation organized under the laws of the United Kingdom, with its principal place of business at 125 London Wall, EC2Y 5AS United Kingdom.

5.     Upon information and belief, Defendant Sci-Hub is an individual or organization engaged in the operation of the website accessible at the URL "www.sci-hub.org," and related subdomains, including but not limited to the subdomain "www.sciencedirect.com.sci-hub.org," www.elsevier.com.sci-hub.org," "store.elsevier.com.sci-hub.org," and various subdomains incorporating the company and product names of other major global publishers (collectively with www.sci-hub.org the "Sci-Hub Website").  The sci-hub.org domain name is registered by "Fundacion Private Whois," located in Panama City, Panama, to an unknown registrant.  As of the date of this filing, the Sci-Hub Website is assigned the IP address 31.184.194.81.  This IP address is part of a range of IP addresses assigned to Petersburg Internet Network Ltd., a web-hosting company located in Saint Petersburg, Russia.

6.     Upon information and belief, Defendant Library Genesis Project is an organization which operates an online repository of copyrighted materials accessible through the website located at the URL "libgen.org" as well as a number of other "mirror" websites (collectively the "Libgen Domains").  The libgen.org domain is registered by "Whois Privacy Corp.," located at Ocean Centre, Montagu Foreshore, East Bay Street, Nassau, New Providence,

Bahamas, to an unknown registrant.  As of the date of this filing, libgen.org is assigned the IP

address 93.174.95.71.  This IP address is part of a range of IP addresses assigned to Ecatel Ltd., a

web-hosting company located in Amsterdam, the Netherlands.

7.     The Libgen Domains include "elibgen.org," "libgen.info,"

"lib.estrorecollege.org," and "bookfi.org."

8.     Upon information and belief, Defendant Alexandra Elbakyan is the principal

owner and/or operator of Sci-Hub.  Upon information and belief, Elbakyan is a resident of

Almaty, Kazakhstan.

9.     Elsevier is unaware of the true names and capacities of the individuals named as

Does 1-99 in this Complaint (together with Alexandra Elbakyan, the "Individual Defendants"),

and their residence and citizenship is also unknown.  Elsevier will amend its Complaint to allege

the names, capacities, residence and citizenship of the Doe Defendants when their identities are

learned.

10.     Upon information and belief, the Individual Defendants are the owners and

operators of numerous of websites, including Sci-Hub and the websites located at the various

Libgen Domains, and a number of e-mail addresses and accounts at issue in this case.

11.     The Individual Defendants have participated, exercised control over, and

benefited from the infringing conduct described herein, which has resulted in substantial harm to

the Plaintiffs.

## JURISDICTION AND VENUE

12.     This is a civil action arising from the Defendants' violations of the copyright laws

of the United States (17 U.S.C. § 101 *et seq.*) and the Computer Fraud and Abuse Act ("CFAA"),

18.U.S.C. § 1030.  Therefore, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

13.     Upon information and belief, the Individual Defendants own and operate computers and Internet websites and engage in conduct that injures Plaintiff in this district, while also utilizing instrumentalities located in the Southern District of New York to carry out the acts complained of herein.

14.     Defendants have affirmatively directed actions at the Southern District of New York by utilizing computer servers located in the District without authorization and by unlawfully obtaining access credentials belonging to individuals and entities located in the District, in order to unlawfully access, copy, and distribute Elsevier's copyrighted materials which are stored on Elsevier's ScienceDirect platform.

15.     Defendants have committed the acts complained of herein through unauthorized access to Plaintiffs' copyrighted materials which are stored and maintained on computer servers located in the Southern District of New York.

16.     Defendants have undertaken the acts complained of herein with knowledge that such acts would cause harm to Plaintiffs and their customers in both the Southern District of New York and elsewhere.  Defendants have caused the Plaintiff injury while deriving revenue from interstate or international commerce by committing the acts complained of herein. Therefore, this Court has personal jurisdiction over Defendants.

17.     Venue in this District is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District and because the property that is the subject of Plaintiffs' claims is situated in this District.

## FACTUAL ALLEGATIONS

**Elsevier's Copyrights in Publications on ScienceDirect**

18.     Elsevier is a world leading provider of professional information solutions in the

Science, Medical, and Health sectors.  Elsevier publishes, markets, sells, and licenses academic

textbooks, journals, and examinations in the fields of science, medicine, and health.  The

majority of Elsevier's institutional customers are universities, governmental entities, educational

institutions, and hospitals that purchase physical and electronic copies of Elsevier's products and

access to Elsevier's digital libraries.  Elsevier distributes its scientific journal articles and book

chapters electronically via its proprietary subscription database "ScienceDirect"

(www.sciencedirect.com).  In most cases, Elsevier holds the copyright and/or exclusive

distribution rights to the works available through ScienceDirect.  In addition, Elsevier holds

trademark rights in "Elsevier," "ScienceDirect," and several other related trade names.

19.     The ScienceDirect database is home to almost *one-quarter* of the world's peer-

reviewed, full-text scientific, technical and medical content.  The ScienceDirect service features

sophisticated search and retrieval tools for students and professionals which facilitates access to

over 10 million copyrighted publications.  More than 15 million researchers, health care

professionals, teachers, students, and information professionals around the globe rely on

ScienceDirect as a trusted source of nearly 2,500 journals and more than 26,000 book titles.

20.     Authorized users are provided access to the ScienceDirect platform by way of

non-exclusive, non-transferable subscriptions between Elsevier and its institutional customers.

According to the terms and conditions of these subscriptions, authorized users of ScienceDirect

must be users affiliated with the subscriber (*e.g.*, full-time and part-time students, faculty, staff

and researchers of subscriber universities and individuals using computer terminals within the library facilities at the subscriber for personal research, education or other non-corporate use.)

21.     A substantial portion of American research universities maintain active subscriptions to ScienceDirect.  These subscriptions, under license, allow the universities to provide their faculty and students access to the copyrighted works within the ScienceDirect database.

22.     Elsevier stores and maintains the copyrighted material available in ScienceDirect on servers owned and operated by a third party whose servers are located in the Southern District of New York and elsewhere.  In order to optimize performance, these third-party servers collectively operate as a distributed network which serves cached copies of Elsevier's copyrighted materials by way of particular servers that are geographically close to the user.  For example, a user that accesses ScienceDirect from a University located in the Southern District of New York will likely be served that content from a server physically located in the District.

**Authentication of Authorized University ScienceDirect Users**

23.     Elsevier maintains the integrity and security of the copyrighted works accessible on ScienceDirect by allowing only authenticated users access to the platform.  Elsevier authenticates educational users who access ScienceDirect through their affiliated university's subscription by verifying that they are able to access ScienceDirect from a computer system or network previously identified as belonging to a subscribing university.

24.     Elsevier does not track individual educational users' access to ScienceDirect. Instead, Elsevier verifies only that the user has authenticated access to a subscribing university.

25.     Once an educational user authenticates his computer with ScienceDirect on a university network, that computer is permitted access to ScienceDirect for a limited amount of

time without re-authenticating.  For example, a student could access ScienceDirect from their laptop while sitting in a university library, then continue to access ScienceDirect using that laptop from their dorm room later that day.  After a specified period of time has passed, however, a user will have to re-authenticate his or her computer's access to ScienceDirect by connecting to the platform through a university network.

26.     As a matter of practice, educational users access university networks, and thereby authenticate their computers with ScienceDirect, primarily through one of two methods.  *First*, the user may be physically connected to a university network, for example by taking their computer to the university's library.  *Second*, the user may connect remotely to the university's network using a proxy connection.  Universities offer proxy connections to their students and faculty so that those users may access university computing resources – including access to research databases such as ScienceDirect – from remote locations which are unaffiliated with the university.  This practice facilitates the use of ScienceDirect by students and faculty while they are at home, travelling, or otherwise off-campus.

**Defendants' Unauthorized Access to University Proxy Networks to Facilitate Copyright Infringement**

27.     Upon information and belief, Defendants are reproducing and distributing unauthorized copies of Elsevier's copyrighted materials, unlawfully obtained from ScienceDirect, through Sci-Hub and through various websites affiliated with the Library Genesis Project.  Specifically, Defendants utilize their websites located at sci-hub.org and at the Libgen Domains to operate an international network of piracy and copyright infringement by circumventing legal and authorized means of access to the ScienceDirect database.  Defendants' piracy is supported by the persistent intrusion and unauthorized access to the computer networks

of Elsevier and its institutional subscribers, including universities located in the Southern District of New York.

28.     Upon information and belief, Defendants have unlawfully obtained and continue to unlawfully obtain student or faculty access credentials which permit proxy connections to universities which subscribe to ScienceDirect, and use these credentials to gain unauthorized access to ScienceDirect.

29.     Upon information and belief, Defendants have used and continue to use such access credentials to authenticate access to ScienceDirect and, subsequently, to obtain copyrighted scientific journal articles therefrom without valid authorization.

30.     The Sci-Hub website requires user interaction in order to facilitate its illegal copyright infringement scheme.  Specifically, before a Sci-Hub user can obtain access to copyrighted scholarly journals, articles, and books that are maintained by ScienceDirect, he must first perform a search on the Sci-Hub page.  A Sci-Hub user may search for content using either (a) a general keyword-based search, or (b) a journal, article or book identifier (such as a Digital Object Identifier, PubMed Identifier, or the source URL).

31.     When a user performs a keyword search on Sci-Hub, the website returns a proxied version of search results from the Google Scholar search database.[1]  When a user selects one of the search results, if the requested content is not available from the Library Genesis Project, Sci-Hub unlawfully retrieves the content from ScienceDirect using the access previously obtained. Sci-Hub then provides a copy of that article to the requesting user, typically in PDF format.  If, however, the requested content can be found in the Library Genesis Project repository, upon

---

[1]     Google Scholar provides its users the capability to search for scholarly literature, but does not provide the full text of copyrighted scientific journal articles accessible through paid subscription services such as ScienceDirect.  Instead, Google Scholar provides bibliographic information concerning such articles along with a link to the platform through which the article may be purchased or accessed by a subscriber.

information and belief, Sci-Hub obtains the content from the Library Genesis Project repository and provides that content to the user.

32.     When a user searches on Sci-Hub for an article available on ScienceDirect using a journal or article identifier, the user is redirected to a proxied version of the ScienceDirect page where the user can download the requested article at no cost.  Upon information and belief, Sci-Hub facilitates this infringing conduct by using unlawfully-obtained access credentials to university proxy servers to establish remote access to ScienceDirect through those proxy servers. If, however, the requested content can be found in the Library Genesis Project repository, upon information and belief, Sci-Hub obtains the content from it and provides it to the user.

33.     Upon information and belief, Sci-Hub engages in no other activity other than the illegal reproduction and distribution of digital copies of Elsevier's copyrighted works and the copyrighted works of other publishers, and the encouragement, inducement, and material contribution to the infringement of the copyrights of those works by third parties – *i.e.*, the users of the Sci-Hub website.

34.     Upon information and belief, in addition to the blatant and rampant infringement of Elsevier's copyrights as described above, the Defendants have also used the Sci-Hub website to earn revenue from the piracy of copyrighted materials from ScienceDirect.  Sci-Hub has at various times accepted funds through a variety of payment processors, including PayPal, Yandex, WebMoney, QiQi, and Bitcoin.

**Sci-Hub's Use of the Library Genesis Project as a Repository for Unlawfully-Obtained Scientific Journal Articles and Books**

35.     Upon information and belief, when Sci-Hub pirates and downloads an article from ScienceDirect in response to a user request, in addition to providing a copy of that article to that user, Sci-Hub *also* provides a duplicate copy to the Library Genesis Project, which stores the

article in a database accessible through the Internet.  Upon information and belief, the Library Genesis Project is designed to be a permanent repository of this and other illegally obtained content.

36.     Upon information and belief, in the event that a Sci-Hub user requests an article which has already been provided to the Library Genesis Project, Sci-Hub may provide that user access to a copy provided by the Library Genesis Project rather than re-download an additional copy of the article from ScienceDirect.  As a result, Defendants Sci-Hub and Library Genesis Project act in concert to engage in a scheme designed to facilitate the unauthorized access to and wholesale distribution of Elsevier's copyrighted works legitimately available on the ScienceDirect platform.

**The Library Genesis Project's Unlawful Distribution of Plaintiff's Copyrighted Works**

37.     Access to the Library Genesis Project's repository is facilitated by the website "libgen.org," which provides its users the ability to search, download content from, and upload content to, the repository.  The main page of libgen.org allows its users to perform searches in various categories, including "LibGen (Sci-Tech)," and "Scientific articles."  In addition to searching by keyword, users may also search for specific content by various other fields, including title, author, periodical, publisher, or ISBN or DOI number.

38.     The libgen.org website indicates that the Library Genesis Project repository contains approximately 1 million "Sci-Tech" documents and 40 million scientific articles.  Upon information and belief, the large majority of these works is subject to copyright protection and is being distributed through the Library Genesis Project without the permission of the applicable rights-holder.  Upon information and belief, the Library Genesis Project serves primarily, if not

exclusively, as a scheme to violate the intellectual property rights of the owners of millions of copyrighted works.

39.     Upon information and belief, Elsevier owns the copyrights in a substantial number of copyrighted materials made available for distribution through the Library Genesis Project.  Elsevier has not authorized the Library Genesis Project or any of the Defendants to copy, display, or distribute through any of the complained of websites any of the content stored on ScienceDirect to which it holds the copyright.  Among the works infringed by the Library Genesis Project are the "*Guyton and Hall Textbook of Medical Physiology*," and the article "*The Varus Ankle and Instability*" (published in Elsevier's journal "Foot and Ankle Clinics of North America"), each of which is protected by Elsevier's federally-registered copyrights.

40.     In addition to the Library Genesis Project website accessible at libgen.org, users may access the Library Genesis Project repository through a number of "mirror" sites accessible through other URLs.  These mirror sites are similar, if not identical, in functionality to libgen.org.  Specifically, the mirror sites allow their users to search and download materials from the Library Genesis Project repository.

## FIRST CLAIM FOR RELIEF
### (Direct Infringement of Copyright)

41.     Elsevier incorporates by reference the allegations contained in paragraphs 1-40 above.

42.     Elsevier's copyright rights and exclusive distribution rights to the works available on ScienceDirect (the "Works") are valid and enforceable.

43.     Defendants have infringed on Elsevier's copyright rights to these Works by knowingly and intentionally reproducing and distributing these Works without authorization.

11

44.     The acts of infringement described herein have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiffs' rights.

45.     Without authorization from Elsevier, or right under law, Defendants are directly liable for infringing Elsevier's copyrighted Works pursuant to 17 U.S.C. §§ 106(1) and/or (3).

46.     As a direct result of Defendants' actions, Elsevier has suffered and continues to suffer irreparable harm for which Elsevier has no adequate remedy at law, and which will continue unless Defendants' actions are enjoined.

47.     Elsevier seeks injunctive relief and costs and damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Secondary Infringement of Copyright)

48.     Elsevier incorporates by reference the allegations contained in paragraphs 1-40 above.

49.     Elsevier's copyright rights and exclusive distribution rights to the works available on ScienceDirect (the "Works") are valid and enforceable.

50.     Defendants have infringed on Elsevier's copyright rights to these Works by knowingly and intentionally reproducing and distributing these Works without license or other authorization.

51.     Upon information and belief, Defendants intentionally induced, encouraged, and materially contributed to the reproduction and distribution of these Works by third party users of websites operated by Defendants.

52.     The acts of infringement described herein have been willful, intentional, and purposeful, in disregard of and indifferent to Elsevier's rights.

53.     Without authorization from Elsevier, or right under law, Defendants are directly liable for third parties' infringement of Elsevier's copyrighted Works pursuant to 17 U.S.C. §§ 106(1) and/or (3).

54.     Upon information and belief, Defendants profited from third parties' direct infringement of Elsevier's Works.

55.     Defendants had the right and the ability to supervise and control their websites and the third party infringing activities described herein.

56.     As a direct result of Defendants' actions, Elsevier has suffered and continues to suffer irreparable harm for which Elsevier has no adequate remedy at law, and which will continue unless Defendants' actions are enjoined.

57.     Elsevier seeks injunctive relief and costs and damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Violation of the Computer Fraud & Abuse Act)

58.     Elsevier incorporates by reference the allegations contained in paragraphs 1-40 above.

59.     Elsevier's computers and servers, the third-party computers and servers which store and maintain Elsevier's copyrighted works for ScienceDirect, and Elsevier's customers' computers and servers which facilitate access to Elsevier's copyrighted works on ScienceDirect, are all "protected computers" under the Computer Fraud and Abuse Act ("CFAA").

60.     Defendants (a) knowingly and intentionally accessed such protected computers without authorization and thereby obtained information from the protected computers in a transaction involving an interstate or foreign communication (18 U.S.C. § 1030(a)(2)(C)); and (b) knowingly and with an intent to defraud accessed such protected computers without

authorization and obtained information from such computers, which Defendants used to further the fraud and obtain something of value (18 U.S.C. § 1030(a)(4)).

61.     Defendants' conduct has caused, and continues to cause, significant and irreparable damages and loss to Elsevier.

62.     Defendants' conduct has caused a loss to Elsevier during a one-year period aggregating at least $5,000.

63.     As a direct result of Defendants' actions, Elsevier has suffered and continues to suffer irreparable harm for which Elsevier has no adequate remedy at law, and which will continue unless Defendants' actions are enjoined.

64.     Elsevier seeks injunctive relief, as well as costs and damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Elsevier respectfully requests that the Court:

A.  Enter preliminary and permanent injunctions, enjoining and prohibiting Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all persons and entities in active concert or participation with them, from engaging in any of the activity complained of herein or from causing any of the injury complained of herein and from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activity complained of herein or from causing any of the injury complained of herein;

B.  Enter an order that, upon Elsevier's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Web Hosting and Internet Service Providers, domain-name registrars, and domain name

14

registries or their administrators that are provided with notice of the injunction, cease
facilitating access to any or all domain names and websites through which Defendants
engage in any of the activity complained of herein;

C.  Enter an order that, upon Elsevier's request, those organizations which have
registered Defendants' domain names on behalf of Defendants shall disclose
immediately to Plaintiffs all information in their possession concerning the identity of
the operator or registrant of such domain names and of any bank accounts or financial
accounts owned or used by such operator or registrant;

D.  Enter an order that, upon Elsevier's request, the TLD Registries for the Defendants'
websites, or their administrators, shall place the domain names on
registryHold/serverHold as well as serverUpdate, ServerDelete, and serverTransfer
prohibited statuses, for the remainder of the registration period for any such website.

E.  Enter an order canceling or deleting, or, at Elsevier's election, transferring the domain
name registrations used by Defendants to engage in the activity complained of herein
to Elsevier's control so that they may no longer be used for illegal purposes;

F.  Enter an order awarding Elsevier its actual damages incurred as a result of
Defendants' infringement of Elsevier's copyright rights in the Works and all profits
Defendant realized as a result of its acts of infringement, in amounts to be determined
at trial; or in the alternative, awarding Elsevier, pursuant to 17 U.S.C. § 504, statutory
damages for the acts of infringement committed by Defendants, enhanced to reflect
the willful nature of the Defendants' infringement;

G.  Enter an order disgorging Defendants' profits;

15

H. Enter an order awarding Elsevier's its attorneys' fees and full costs and disbursements in this action;

I. Enter an order awarding compensatory damages in an amount to be determined at trial; and

J. Grant such other relief as the Court may deem proper and just.


Dated: New York, New York
       June 3, 2015

Respectfully submitted,

DEVORE & DEMARCO LLP

By: _____

Joseph V. DeMarco (JD3499)
David M. Hirschberg (DH2718)
Urvashi Sen (US2602)
99 Park Avenue – Suite 1100
New York, New York 10016
(212) 922-9499

*Attorneys for Plaintiff Elsevier Inc., Elsevier B.V., and Elsevier Ltd.*

16