

DeVORE &
DeMARCO LLP
ATTORNEYS AND COUNSELORS AT LAW

Joseph V. DeMarco
Telephone: 212.922.9499
jvd@devoredemarco.com

DATE FILED: 6|9|15

June 5, 2015

By Email/Facsimile/Messenger



RECEIVED
JUN 05 2015
JUDGE SWEET CHAMBERS

Honorable Robert W. Sweet
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312
Attn: James Thompson

Re:  *Elsevier, Inc., et al. v. Sci-Hub, et al.*, 15-cv-4282 (RWS)

Dear Judge Sweet:

We represent Elsevier Inc, Elsevier B.V., and Elsevier Ltd., the Plaintiffs in the above-referenced matter, which was filed on June 3, 2015.  Plaintiffs intend to file an Application for an Order Authorizing Alternative Service of Process and Motion for a Preliminary Injunction and Order Transferring Domain Names.  Following a conversation with Your Honor's Chambers, we respectfully request that the Court (1) permit Plaintiffs to seal certain information contained in a single declaration exhibit to Plaintiff's memorandum of law, and (2) grant Plaintiffs a 10-page extension on the Court's 25-page limit for its memorandum of law.

**Request to Seal Certain Confidential Information**

Plaintiffs intend to file, with their memorandum of law, a declaration from Anthony Woltermann, a Technology Infrastructure and Operations Manager at Elsevier Inc. (the "Woltermann Declaration").  The Woltermann Declaration will discuss Plantiff's platform for storing its copyrighted works, entitled "ScienceDirect," and will specifically describe both the structural features of ScienceDirect's authentication mechanism and the manner in which this mechanism operates.  While it is important that this information be presented to the Court, since Plaintiffs allege that it is this system that Defendants are, in fact, exploiting, the authentication mechanism is highly confidential and sensitive information that is not generally available to the public.  If this information were to be disclosed publicly, it could be used by malicious actors to unlawfully gain access to Plaintiff's ScienceDirect platform.

As this Court is aware, the presumption of public access to judicial documents is subject to multiple exceptions designed to protect confidential and sensitive information (*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)), and the court may, for good cause shown, issue an order to protect any party including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).  The presumption of public access, which arises out of the First Amendment, may be overcome "to preserve higher values" provided "the sealing order is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987).

Plaintiffs clearly meet this burden.  Plaintiffs' request here relates to precisely the type of confidential information that has been found to justify sealing in this Circuit, an in this Court in particular. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth.*, No. 08-4922, 2009 WL 2778447, at **2 (2d Cir. 2009) (organization's "'interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access.'"); *GoSMiLE, Inc. v. Dr. Jonathan Levine*, D.M.D. P.C., 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning ... marketing strategies, product development, costs and budgeting."); *Sherwin-Williams Co. v. Spitzer*, No. 04-185, 2005 WL 2128938 (N.D.N.Y. Aug. 24, 2005) (ordering the sealing of documents ... regarding confidential information such as trade secrets, and commercial and proprietary interests); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal documents based upon the "assertion that its competitors who do not now have this information could use it to do [the party] competitive injury ...."). Moreover, Plaintiffs' request is narrow – it necessitates sealing only two paragraphs of one declaration over 60 paragraphs in length.

For these reasons, Plaintiffs respectfully request that they be permitted to file certain information in the Woltermann Declaration under seal.

**Request For a Page Limit Extension**

Plaintiffs intend to file applications with the Court for (1) an order authorizing alternative service of process; (2) an order to show cause for a preliminary injunction, and (3) an order to transfer certain domain names controlled by Defendants.  The facts germane to all three requests are inextricably intertwined and significantly overlap.  Accordingly, in the interest of efficiency, rather than file three separate applications, with three associated memoranda of law, Plaintiffs propose to file one Application and one omnibus Memorandum of Law.  This will greatly reduce the burden on the Court in having to deal with three separate motions and their associated briefings.  In order to accomplish this while still being able to make all of the necessary arguments and present all of the relevant facts, Plaintiffs respectfully request that they

be permitted to exceed the 25-page limit for this omnibus Memorandum by approximately ten pages, for a total of approximately 35 pages.

Thank you in advance for your consideration of this request.

Respectfully submitted,

Joseph V. DeMarco