UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSEVIER INC., ELSEVIER B.V., ELSEVIER LTD.<br><br>Plaintiffs,<br><br>v.<br><br>WWW.SCI-HUB.ORG, THE LIBRARY GENESIS PROJECT d/b/a LIBGEN.ORG, ALEXANDRA ELBAKYAN, JOHN DOES 1-99,<br><br>Defendants. | Index No. 15-cv-4282 (RWS)<br><br>**ELSEVIER'S APPLICATION FOR AN ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** |

Plaintiffs Elsevier Inc., Elsevier B.V., and Elsevier Ltd. (collectively "Elsevier"), by their attorneys DeVore & DeMarco LLP, hereby do apply for an order to show cause why a preliminary injunction should not issue against Defendants www.scihub.org, www.libgen.org, www.elibgen.org, www.libgen.info, lib.estrorecollege.org, and John Does 1-99 (collectively, the "Defendants") pursuant to Fed. R. Civ. P. 65, 17 U.S.C. § 101 et seq., 18.U.S.C. § 1030, the common law, and the All Writs Act (28 U.S.C. § 1651), and for entry of an order authorizing service of the Summons and Complaint, and all other papers filed in this matter, upon Defendants via e-mail and pursuant Fed. R. Civ. P. 4(f)(3).

Good cause exists for the foregoing orders. As set forth in Elsevier's memorandum of law in support of this Application, Defendants are engaging in activities constituting unlawful access to, use, reproduction, and distribution of Elsevier's copyrighted works. Defendants' unlawful activities have caused and will continue to cause irreparable injury to Elsevier, its customers, and the public. Additionally, despite reasonable diligence, Elsevier has not been able to physically locate Defendants, because Defendants are purposefully

1

concealing their locations. Thus, Elsevier is unable to serve Defendants by traditional means allowed under the Federal Rules of Civil Procedure.

Elsevier's Application is based upon the accompanying Memorandum of Law, the Declarations of Anthony Woltermann, Paul F. Doda, Christopher McKenzie, Karen L. Hawkins, Edward M. McCoyd, David M. Hirschberg, and Joseph V. DeMarco, and the exhibits attached thereto; the pleadings on file in this action; and such argument and evidence as may be presented at or before the hearing on this Application.

WHEREFORE Elsevier respectfully requests this Court grant its Application. Elsevier further respectfully requests oral argument on this motion to be set by the Court.

Dated: New York, New York
June 11, 2015

Respectfully submitted,

DEVORE & DEMARCO LLP

By:   /s/ Joseph V. DeMarco
Joseph V. DeMarco (JVD-3499)
David M. Hirschberg
Urvashi Sen
99 Park Avenue – Suite 1100
New York, New York 10016
(212) 922-9499
jvd@devoredemarco.com

*Attorneys for Plaintiff Elsevier Inc., Elsevier B.V., and Elsevier Ltd.*

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSEVIER INC., ELSEVIER B.V., ELSEVIER LTD.<br><br>Plaintiffs,<br><br>v.<br><br>WWW.SCI-HUB.ORG, THE LIBRARY GENESIS PROJECT d/b/a LIBGEN.ORG, ALEXANDRA ELBAKYAN, JOHN DOES 1-99,<br><br>Defendants. | Index No. 15-cv-4282 (RWS)<br><br>**ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** |

Plaintiffs Elsevier Inc., Elsevier B.V., and Elsevier Ltd. (collectively "Elsevier") have filed a complaint for injunctive and other relief pursuant to: (1) copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*); and (2) violations of the Computer Fraud and Abuse Act, 18.U.S.C. § 1030; based upon Defendants' unlawful access to, use, reproduction, and distribution of Elsevier's copyrighted works. Elsevier has also filed an Application for an order to show cause why a preliminary injunction should not be granted pursuant to Fed. R. Civ. P. 65, 17 U.S.C. § 101 et seq., 18.U.S.C. § 1030, the common law, and the All Writs Act (28 U.S.C. § 1651). Elsevier further seeks an order authorizing alternate service of process on Defendants via e-mail.

Having reviewed the papers, declarations, exhibits, and memorandum filed in support of Plaintiff's Application for an Order Authorizing Alternate Service of Process on Defendants and Order to Show Cause for Preliminary Injunction (the "Application"), the Court hereby finds:

    1.    There is good cause to believe that Defendants have engaged in and are likely to continue to engage in activities that violate the copyright laws of the United States (17

U.S.C. § 101 *et seq.*) and the Computer Fraud and Abuse Act (18.U.S.C. § 1030), and that Elsevier is, therefore, likely to prevail on the merits of this action;

  2. There is good cause to believe that, unless the Defendants are restrained and enjoined by Order of this Court, immediate and irreparable harm will result from the Defendants' ongoing violations. The evidence set forth in Elsevier's Memorandum in Support of its Application, and the accompanying declarations and exhibits, demonstrates that Elsevier is likely to prevail on its claim that Defendants have engaged in violations of the foregoing laws by willfully and intentionally reproducing and distributing Plaintiffs' copyrighted works without authorization and by knowingly and intentionally accessing Plaintiffs' protected computers without authorization and thereby causing Plaintiffs to suffer a loss in excess of $5,000.

  3. The evidence set forth in Elsevier's Memorandum in Support of its Application, and the accompanying declarations and exhibits, also demonstrates that immediate and irreparable harm will result from Defendants' activities, by continuing to engage in activities which violate the Copyright Act and the Computer Fraud and Abuse Act.

  4. There is good cause to permit notice of the Preliminary Injunction hearing and service of the Complaint by alternative means – specifically, via e-mail on the websites and their domain registrants. Notice and service by the foregoing means satisfy Due Process, are appropriate, sufficient, and reasonable to apprise Defendants of this action, and are necessary under the circumstances.

  **IT IS THEREFORE**:

  **ORDERED** that copies of this Order, notice of the Preliminary Injunction hearing, and the Complaint may be served by any means authorized by law and this Order, including by e-mail transmission to the e-mail addresses available for Defendants on their website or to the e-mail addresses of their domain registrants, as follows:

  a. For Defendant sci-hub.org: to support@sci-hub.org,
    sci.hub.org@gmail.com, and
    522ab14bo3mfc7dy@5225b4d0pi3627q9.privatewhois.net;

  b.  For Defendant libgen.org: to 54a8a84d7kaxh3nt@5225b4d0pi3627q9.whoisprivacycorp.com;

  c.  For Defendant elibgen.org: libgeninfo@yandex.com and 54ca64605o1goil9@5225b4d0pi3627q9.whoisprivacycorp.com;

  d.  For Defendant libgen.info: libgeninfo@yandex.com and 54ada35fyv9gp5gt@5225b4d0pi3627q9.whoisprivacycorp.com;

  e.  For Defendant estrorecollege.org: libgeninfo@yandex.com and 54a19036ejtinug6@5225b4d0pi3627q9.whoisprivacycorp.com;

  f.  For Defendant Bookfi.org: 52e4d617f98mrf0y@5225b4d0pi3627q9.privatewhois.net; and

  g.  For Defendant Alexandra Elbakyan: mindwrapper@gmail.com and by registered mail, return receipt requested, to Zhumabaeva, 172, Almaty, Kazakhstan 050014.

**ORDERED** that Defendants, show cause before a motion term of this Court, at Room ____, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on _____, _____, at _____ o'clock in the _____noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure requiring, during the pendency of this action:

1. that the Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all persons and entities in active concert or participation with them, are hereby temporarily restrained from unlawful access to, use, reproduction, and/or distribution of Elsevier's copyrighted works and from assisting, aiding, or abetting any other person or business entity in engaging in unlawful access to, use, reproduction, and/or distribution of Elsevier's copyrighted works;

2. that, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Web Hosting

and Internet Service Providers, domain-name registrars, and domain name registries or their administrators that are provided with notice of the injunction, cease facilitating access to any or all domain names and websites through which Defendants engage in unlawful access to, use, reproduction, and distribution of Elsevier's copyrighted works;

3. that, upon Plaintiffs' request, those organizations which have registered Defendants' domain names on behalf of Defendants shall disclose immediately to Plaintiffs all information in their possession concerning the identity of the operator or registrant of such domain names and of any bank accounts or financial accounts owned or used by such operator or registrant;

4. that Defendants shall not transfer ownership of the Defendants' websites during the pendency of this Action, or until further order of the Court;

5. that the TLD Registries for the Defendants' websites, or their administrators, shall place the domain names on registryHold/serverHold as well as serverUpdate, ServerDelete, and serverTransfer prohibited statuses, until further Order of the Court;

6. that Plaintiffs may enter the Defendants' websites into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants which redirect traffic to a new domain name or website and thereby evade the provisions of this Order;

7. that the Defendants' shall preserve copies of all its computer files relating to the use of the websites and shall take all steps necessary to retrieve computer files relating to the use of the websites that may have been deleted before entry of this Order.

8. that security in the amount of $\_\_\_\_\_ be posted by Plaintiffs prior to _____, 2015 at _____ o'clock of that day;

9. any response or opposition to Elsevier's Motion for Preliminary Injunction must be filed and served on Elsevier's counsel forty-eight (48) hours prior to the hearing set for _____, 2015, and filed with the Court, with Proof of Service, on _____, 2015.  Elsevier shall file any Reply Memorandum on our before _____, 2015.  The above dates may be revised upon stipulation by all parties and approval of this Court.  Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65.

Dated: New York, New York
       June ____, 2015

So Ordered:

_____