UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSEVIER INC., ELSEVIER B.V., ELSEVIER LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SCI-HUB HUB d/b/a WWW.SCI-HUB.ORG, THE LIBRARY GENESIS PROJECT d/b/a LIBGEN.ORG, ALEXANDRA ELBAKYAN, JOHN DOES 1-99LLC, <br><br> Defendants. | Case No. 15-cv-4282 (RWS) |

**MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

The Computer & Communications Industry Association and Internet Commerce Coalition (together, "*Amici*") respectfully seek leave from the Court to file the attached brief as *amici curiae* in opposition to Plaintiffs' Motion for a Preliminary Injunction. In support of their request, *Amici* state as follows:

1. *Amici* represent a wide array of technology companies that provide online services to billions of people around the world. *Amici's* members include Internet search engines, Internet Service Providers, and companies that provide web hosting and other core Internet services.

2. The Computer & Communications Industry Association ("CCIA") represents more than 20 large, medium-sized, and small companies in the high technology products and services sectors, including computer hardware and software, electronic commerce, telecommunications, and Internet products and services. The Internet Commerce Coalition

("ICC") works to promote policies that allow service providers, their customers, and other users to do business on the global Internet under reasonable rules governing liability and use of technology that encourage the growth of this vital medium.

3. In this case, Plaintiffs seek a preliminary injunction that would impose obligations directly on a wide variety of online intermediaries, including *amici's* members. Plaintiffs' proposed injunction would require online services – including "Internet search engines, Web Hosting, and Internet Service Providers" – to "cease facilitating access to any or all . . . websites through which Defendants engage in unlawful access to, use, reproduction, and distribution of Elsevier's copyrighted works." None of those service providers are party to this case, and none of them are accused of violating any law.

4. If granted in the form that Plaintiffs have proposed, this injunction would have significant consequences for *amici* and their members. The attached *amicus* brief explains that Plaintiffs' request to enjoin nonparty online service providers violates Fed. R. Civ. P. 65, is barred by the "safe harbor" provisions of the Digital Millennium Copyright Act, and is not authorized by the All Writs Act.

5. An *amicus* brief "should normally be allowed" in instances "when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 11-cv- 6746 (RJH), 2011 U.S. Dist. LEXIS 135391, at *6 (S.D.N.Y. Nov. 22, 2011) (quoting *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007)); *see also, e.g.*, *Onondaga Indian Nation v. New York*, 97–cv-445, 1997 U.S. Dist. LEXIS 9168, at *8 (N.D.N.Y. June 25, 1997) (granting leave to file *amicus* brief that would help "insure a complete and plenary presentation of potentially difficult issues so that the court may reach a proper decision") (citation and internal quotation marks omitted).

6. This standard is met here. Because no online service provider or other intermediary is a party to this case, *amici* have a perspective very different from the parties. In the absence of an *amicus* submission, the views of nonparty service providers would not be heard by the Court, even though Plaintiffs are seeking an order that would impose direct legal obligations on those providers, forcing them to act on pain of contempt.

7. *Amici* and their members have a compelling interest in ensuring the rules limiting injunctions against online services are scrupulously followed, particularly in cases where those services are not parties. Allowed them to participate in this case as *amici curiae* would directly further that interest and assist the Court by bringing to its attention legal issues and policy consideration that might otherwise go overlooked.

8. Plaintiffs have consented to the filing of this brief. Because no counsel for the Defendants has entered an appearance in this case, *amici* have not been able to seek their consent.

For these reasons, *amici* respectfully request that the Court accept and consider the attached *amicus curiae* brief.

Dated: June 26, 2015                           Respectfully submitted,


                                               /s Brian M. Willen
                                               BRIAN M. WILLEN
                                               Wilson, Sonsini Goodrich & Rosati PC
                                               1301 Avenue of the Americas, 40th Floor
                                               New York, NY 10019
                                               Email: bwillen@wsgr.com
                                               Phone: (212) 999-5800
                                               Email: bwillen@wsgr.com

                                               *Counsel for* Amici Curiae