

Joseph V. DeMarco
Telephone: 212.922.9499
jvd@devoredemarco.com

July 6, 2015

<u>Filed on ECF</u>

Honorable Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 1506
New York, New York 10007-1312

    Re:  <u>*Elsevier, Inc., et al. v. Sci-Hub, et al.*, 15-cv-4282 (RWS)</u>

Dear Judge Abrams,

  As the Court is aware, we are counsel to Elsevier Inc., Elsevier B.V., and Elsevier Ltd. ("Plaintiffs"). We write in relation to the *amicus* brief submitted to this Court by the Computer & Communications Industry Association and the Internet Commerce Coalition (Docket No. 20, filed June 26, 2015) in the above-captioned matter.

  The issues raised by *Amici* are not ripe for consideration and have no bearing on the issues to be addressed at the hearing on the Order to Show Cause, currently scheduled for July 21, 2015. This letter confirms that no form of injunctive relief complained of by *Amici* is being sought at this time – before any substantive injunctions have been entered against the Defendants – and, for the avoidance of doubt, respectfully requests that the Court modify the Order accordingly so that the hearing may proceed unfettered by extraneous issues.

  Among other relief requested, before the Court is Plaintiffs' request for injunctive relief against several of the key websites (and the admitted operator of one of those sites) for one of the largest-scale copyright piracy schemes in the world – one which, as described in Plaintiffs' pleadings filed to date, is causing, and continues to cause, grave and ongoing harm to (1) Plaintiffs, (2) the scientific research community, (3) universities worldwide, (4) authors who depend on royalties from book sales to sustain their work and livelihoods, and (5) the public at large. Plaintiffs' immediate focus is on the principal wrongdoers, one of whom has now claimed responsibility for the massive scheme but has not yet come before the Court, and to address these pressing issues with utmost speed, efficiency, and conservation of judicial resources.

  The only specific ancillary relief sought at this time that calls for specific third party cooperation would require the top-level domain ("TLD") name registries Public Interest Registry ("PIR") and Affilias to disable the following Defendants' websites during the pendency



of this action: **libgen.org, sci-hub.org, libgen.info, elibgen.org, bookfi.org**, and **estrorecollege.org**. Plaintiffs do so following consultation with PIR (the TLD registry for the .org top-level domain), which when notified of the Defendants' violations of its terms of service, advised Plaintiffs' counsel that it would honor court orders regarding the domain names and informed counsel that it would (1) accept service of such orders, and (2) effectuate them promptly. PIR does not object to the specific relief plaintiffs seek, nor do *Amici* object to the Court granting such relief. *See* Dkt 20 at 5 n.1. The order to show to cause proceeding, including with respect to this issue, should therefore move forward without the distraction of the merely hypothetical issues raised by *Amici*.

        Far from seeking to enforce an "injunction against the world," Plaintiffs have not asked any other third party to do anything by way of cooperation with any specific relief sought or any proposed order against the Defendants. Indeed, while the Defendants may not come before the Court to answer for the violations that one of their principle operators now admits, or comply with orders that the Court might issue, such matters have yet to be determined. Simply stated, *Amici*'s brief presents issues that are not nearly ripe for consideration, especially since Plaintiffs will not, at this time, seek the relief requested in paragraphs 2 and 6 of the proposed preliminary injunction. Modifying the proposed preliminary injunction in this manner moots the questions of law raised by *Amici*, as *Amici* object only to those specific paragraphs and not to any other portions of the requested injunction.[1]

        Should Plaintiffs later determine that it is necessary to address Defendants' ongoing illegal actions through the type of relief to which *Amici* object, Plaintiffs will notify the specific third parties or service providers involved and attempt to amicably address their support of Defendants' activities. If collaborative efforts fail and it becomes necessary to seek relief from the Court, Plaintiffs will do so on notice, which will provide specific third parties and *Amici* an opportunity to be heard by the Court on any issues then ripe for adjudication.

        Regardless of the fact that the proposed modified Order would moot *Amici's* arguments and request for what is, in essence an advisory opinion, Plaintiffs nevertheless believe that those arguments are meritless under Rule 65, the All Writs Act, and the Digital Millennium Copyright Act (DMCA). For example, Rule 65 and the All Writs Act provide the Court broad authority to enjoin illegal conduct. *See, e.g., Arista Records LLC v. Tkach*, No. 15-cv-3701-AJN, Dkt. 58 (S.D.N.Y. June 3, 2015) (holding that an injunction against a third party service provider which knowingly provided services which facilitated defendant's ongoing infringing conduct was properly the subject of an injunction under Rule 65). Moreover, in the context of

---

[1] To be clear, upon being informed by *Amici* that they were seeking Plaintiff's consent to file their brief (a request to which Plaintiffs consented), Plaintiffs invited *Amici* to discuss any concerns that they had in a constructive and collaborative manner (and without the need for the Court to expend resources) in order to potentially resolve any issues of concern to *Amici*. *Amici*, however, refused to engage in any dialogue with Plaintiffs regarding their concerns before filing the brief. Had *Amici* done so, Plaintiffs could have modified their requested relief in this manner without wasting the Court's time with needless filings.

this suit for relief against direct Defendants, the proposed injunction would not be precluded by the requirements of the DMCA, 17 U.S.C. § 512.

In sum, although Plaintiffs disagree with the conclusions drawn by *Amici* in their brief, those issues are more properly addressed when, if ever, they become ripe. The proposed modified Order expressly removes any request for relief which implicates *Amici's* concerns, and therefore moots the arguments raised in their brief, allowing the Plaintiff and this Court to allocate their resources to addressing the grievous ongoing harm being perpetrated by Defendants in this action.

For the reasons stated above, Plaintiffs respectfully request that the Court modify the proposed Order so as to remove paragraphs 2 and 6 therefrom.

Respectfully submitted,

*/s/ Joseph V. DeMarco*

Joseph V. DeMarco

Cc: Brian M. Willen, Esq., counsel for Amici Curiae (by e-mail and first class mail)