August 19, 2015

<u>VIA ECF and FAX</u>

Honorable Robert W. Sweet
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007-1312

Re:  <u>*Elsevier, Inc., et al. v. Sci-Hub, et al.*, 15-cv-4282 (RWS)</u>

Dear Judge Sweet,

   As the Court is aware, we are counsel to Elsevier Inc., Elsevier B.V., and Elsevier Ltd. ("Elsevier") in the above-captioned action.  Following a telephone conference with your Chambers on August 18, 2015, we write in relation to the upcoming Motion Hearing, scheduled for September 16, 2015.  In particular, we write (1) to advise the Court of certain facts relevant to our request for injunctive relief which have come to light since our initial filings in this matter, and (2) to clarify certain aspects of the Motion for Preliminary Injunction we previously filed on June 9, 2015 (Dkt. 5) in accordance with proceedings subsequent to that date.[1]

   As a threshold matter, and as described more fully below, through her online postings in recent weeks, *Defendant Elbakyan has admitted that she is the operator of Sci-Hub and that she distributes Elsevier's works for free through Sci-Hub*.[2]  Moreover, since Elsevier's initiation of this action, Elbakyan and other Defendants have both expanded the scope of their infringing activities and sought to frustrate the efficacy of Elsevier's requested relief.  These efforts have firmly demonstrated Defendants' intention to continue to willfully infringe Elseviers' copyrights – and to do so on a massive scale.

   For example, as more fully described in the Supplemental Declaration of Anthony Woltermann, filed August 19, 2015 (Dkt. 47) ("Woltermann Decl."), Defendants have registered a number of additional domain names through which they distribute pirated Elsevier content.

---

[1]  As the Court is aware, during the month of July, this matter was assigned to the Honorable Ronnie Abrams, United States District Judge, sitting in Part I.  While before Judge Abrams and with Court Reporters present, telephonic conferences were held on July 7 and July 14, 2015.  Plaintiffs assume the Court's familiarity with those conferences, but are available to answer any questions about them should the Court desire.

[2]  *See* Woltermann Decl., ¶ 2, Exh. A,

Specifically, defendant Elbakyan has registered the domain **Sci-Hub.club**, which provides an alternative means of access to Sci-Hub's unlawful services. (*See* Woltermann Decl. ¶¶ 6,7 (noting that Sci-Hub.club and Sci-Hub.org reside at the same IP address)). Defendants have also registered new domains at which users can access the Library Genesis Project archive, including **appliedsciencefreelibraryguide.com**. (Woltermann Decl. ¶¶ 9, 14). Since the initiation of the instant suit, Defendants have also changed proxy domain registrants and/or server providers for previously-identified sites.[3]

The establishment of these new distribution channels is plainly motivated by Defendants' desire to infringe as many of Elsevier's works as quickly and efficiently possible, *notwithstanding* their clear knowledge that such activities are patently illegal. Indeed, in a message displayed to visitors to the Sci-Hub website, Elbakyan admitted that "[s]ince the project started in 2011, we have distributed tens of millions of research papers for free. And we work to increase these numbers." (Woltermann Decl. ¶ 5; *see also id*. at ¶ 2 (discussing efforts to upload as many pirated articles as possible as well as plans to hack Google Books)).

Defendant Elbakyan has also renewed her solicitation of donations to support her illegal Sci-Hub scheme (Woltermann Decl. ¶¶ 5, 8). Perhaps recognizing the flatly illegal (and almost certainly criminal) nature of her infringing conduct, Elbakyan has attempted to portray her motives as laudable. She has, for example, claimed that, by charging fees for access to its proprietary databases, Elsevier somehow provides only wealthy groups and individuals with access to scientific literature -- and even knowledge itself. While not relevant to the claims in this matter, it should nevertheless be pointed out that Elbakyan's statements are patently false. As described in the Supplemental Declaration of Paul F. Doda, filed August 19, 2015 (Dkt. 46) ("Doda Decl."), Elsevier goes to great lengths to make scientific literature widely available, including at little or no cost to the developing world. These efforts include Elsevier's participation in the Research4Life group, a public-private partnership between the United Nations, universities, and publishers which seeks to reduce knowledge gaps between developing and industrialized countries. (Doda Decl. ¶ 3). Through this one project alone, Elsevier has provided *more than 3.9 million articles* to users in low and middle-income nations. (*Id.*). Elsevier also participates in the ICTP eJournals Delivery Service, which provides free physics, mathematics, and computer science journals to scientists in developing countries, and, through interlibrary loan agreements in place at key national libraries, allows low-cost or free access to its journals. (Doda Decl. ¶¶ 4, 5).

Finally, we request that the Court modify the proposed Order contained in our Motion for Preliminary Injunction to remove paragraphs 2 and 6, to clarify the relief plaintiffs currently seek in this matter, in accordance with prior hearings before Judge Abrams. *See* Transcript of July 7, 2014, telephonic conference at 4; *see also* Letter to Court dated July 6, 2015 (Dkt. 34). If necessary to accomplish this "housekeeping," we request that the Court permit Plaintiffs to file a revised Motion for Preliminary Injunction which omits service issues and

---

[3] *See* Woltermann Decl. ¶¶ 4, 13. So as to provide the Court with the most current information regarding the Defendants' website hosting and registration, we have included up-to-date WHOIS information for previously-identified domains. (Woltermann Decl. ¶¶ 4, 10-13.)

paragraphs 2 and 6 of the preliminary injunction. Attached as Exhibit A is a revised Proposed Order for the Court's convenience.

Respectfully submitted,

Joseph V. DeMarco

Cc: All Defendants by means authorized by Court Order