UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSEVIER INC., ELSEVIER B.V., ELSEVIER LTD.<br><br>                         Plaintiffs,<br><br>        v.<br><br>WWW.SCI-HUB.ORG, THE LIBRARY GENESIS PROJECT d/b/a LIBGEN.ORG, ALEXANDRA ELBAKYAN, JOHN DOES 1-99,<br><br>                         Defendants. | Index No. 15-cv-4282 (RWS)<br><br>**[PROPOSED] ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** |

Plaintiffs Elsevier Inc., Elsevier B.V., and Elsevier Ltd. (collectively "Elsevier") have filed a complaint for injunctive and other relief pursuant to: (1) copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*); and (2) violations of the Computer Fraud and Abuse Act, 18.U.S.C. § 1030; based upon Defendants' unlawful access to, use, reproduction, and distribution of Elsevier's copyrighted works.  Elsevier has also filed an Application for an order to show cause why a preliminary injunction should not be granted pursuant to Fed. R. Civ. P. 65, 17 U.S.C. § 101 et seq., 18.U.S.C. § 1030, the common law, and the All Writs Act (28 U.S.C. § 1651).

Having reviewed the papers, declarations, exhibits, and memorandum filed in support of Plaintiff's Application for an Order to Show Cause for Preliminary Injunction (the "Application"), the Court hereby finds:

1.   There is good cause to believe that Defendants have engaged in and are likely to continue to engage in activities that violate the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) and the Computer Fraud and Abuse Act (18.U.S.C. § 1030), and that Elsevier is, therefore, likely to prevail on the merits of this action;

2. There is good cause to believe that, unless the Defendants are restrained and enjoined by Order of this Court, immediate and irreparable harm will result from the Defendants' ongoing violations. The evidence set forth in Elsevier's Memorandum in Support of its Application, and the accompanying declarations and exhibits, demonstrates that Elsevier is likely to prevail on its claim that Defendants have engaged in violations of the foregoing laws by willfully and intentionally reproducing and distributing Plaintiffs' copyrighted works without authorization and by knowingly and intentionally accessing Plaintiffs' protected computers without authorization and thereby causing Plaintiffs to suffer a loss in excess of $5,000.

3. The evidence set forth in Elsevier's Memorandum in Support of its Application, and the accompanying declarations and exhibits, also demonstrates that immediate and irreparable harm will result from Defendants' activities, by continuing to engage in activities which violate the Copyright Act and the Computer Fraud and Abuse Act.

**IT IS THEREFORE**:

**ORDERED** that Defendants, show cause before a motion term of this Court, at Room ____, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on September sixteenth, at twelve o'clock in the afternoon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure requiring, during the pendency of this action:

1. that the Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all persons and entities in active concert or participation with them, are hereby temporarily restrained from unlawful access to, use, reproduction, and/or distribution of Elsevier's copyrighted works and from assisting, aiding, or abetting any other person or business entity in engaging in unlawful access to, use, reproduction, and/or distribution of Elsevier's copyrighted works;

2. that, upon Plaintiffs' request, those organizations which have registered Defendants' domain names on behalf of Defendants shall disclose immediately to Plaintiffs all information in their possession concerning the identity of the operator or registrant of such domain names and of any bank accounts or financial accounts owned or used by such operator or registrant;

3. that Defendants shall not transfer ownership of the Defendants' websites during the pendency of this Action, or until further order of the Court;

4. that the TLD Registries for the Defendants' websites, or their administrators, shall place the domain names on registryHold/serverHold as well as serverUpdate, ServerDelete, and serverTransfer prohibited statuses, until further Order of the Court;

5. that the Defendants' shall preserve copies of all its computer files relating to the use of the websites and shall take all steps necessary to retrieve computer files relating to the use of the websites that may have been deleted before entry of this Order.

6. that security in the amount of $_____ be posted by Plaintiffs prior to _____, 2015 at _____ o'clock of that day;

7. any response or opposition to Elsevier's Motion for Preliminary Injunction must be filed and served on Elsevier's counsel and filed with the Court, on or before August 28, 2015.  Elsevier shall file any Reply Memorandum on our before September 9, 2015.  The above dates may be revised upon stipulation by all parties and approval of this Court.  Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65.

Dated: New York, New York
       August \_\_\_\_, 2015

                                                          So Ordered:

                                                         _____