UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ELSEVIER INC., ELSEVIER B.V., ELSEVIER LTD.<br><br>               Plaintiffs,<br><br>     v.<br><br>WWW.SCI-HUB.ORG, THE LIBRARY GENESIS PROJECT d/b/a LIBGEN.ORG, ALEXANDRA ELBAKYAN, JOHN DOES 1-99,<br><br>               Defendants. | Index No. 15-cv-4282 (RWS)<br><br>**[PROPOSED] ORDER AUTHORIZING EXPEDITED DISCOVERY** |

Plaintiffs Elsevier Inc., Elsevier B.V., and Elsevier Ltd. (collectively "Elsevier") have filed a complaint for injunctive and other relief pursuant to: (1) copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) and (2) violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 based upon Defendants' unlawful access to, use, reproduction, and distribution of Elsevier's copyrighted works. Elsevier has also filed an Application for an order to show cause why Plaintiffs should not be granted leave to take expedited discovery in advance of a Rule 26(f) conference.

The Court, having considered Plaintiff Elsevier Inc., Elsevier B.V., and Elsevier Ltd.'s ("Elsevier") Application for Leave to Take Expedited Discovery, together with all the papers submitted in connection therewith, hereby finds:

1.    Elsevier has made a substantial evidentiary showing that Defendants, through the websites libgen.org and bookfi.org, have engaged in conduct which violates Elsevier's exclusive rights under 17 U.S.C. § 106.

2.      The evidence set forth in Elsevier's Memorandum in Support of its Application, and the accompanying declarations and exhibits, demonstrate that Elsevier is unable to identify the operators of libgen.org or bookfi.org, or the true location of the computer servers upon which those websites are hosted, absent the ability to take discovery from CloudFlare.

3.      Elsevier's application for leave to take expedited discovery is narrowly tailored to obtain identifying information concerning the operators of libgen.org and bookfi.org.

4.      There is good cause to believe that absent identifying information concerning the operators of libgen.org and bookfi.org, Elsevier will be unable to advance its claims against those operators.

**IT IS THEREFORE**:

**ORDERED** that Defendants, show cause before a motion term of this Court, at Room _____, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on September sixteenth, at twelve o'clock in the afternoon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued permitting Elsevier to serve discovery on CloudFlare, Inc. in order to obtain information related to the identity and activities of the persons responsible for the alleged infringement of Elsevier's copyrights through the domains **libgen.org** and **bookfi.org**.

**ORDERED** that CloudFlare, Inc. shall preserve,  for at least one hundred twenty (120) days any and all information responsive to the requests, including but not limited to, customer and subscriber account information and user connection logs, server logs, authentication sessions, contact information, account histories, and/or billing information.

**ORDERED** that any response or opposition to Elsevier's Application for Leave to Take Expedited Discovery must be filed and served on Elsevier's counsel forty-eight (48) hours prior to the hearing set for _____, 2016, and filed with the Court, with Proof of Service, on _____, 2016.  Elsevier shall file any Reply Memorandum on or before

_____, 2016.   The above dates may be revised upon stipulation by all parties and approval of this Court.

All papers shall be served in accordance with Local Civil Rule 6.1.

Dated: New York, New York
        September \_\_\_\_, 2016

So Ordered:

_____