UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSEVIER INC., ELSEVIER B.V., ELSEVIER LTD.<br><br>                                        Plaintiffs,<br><br>v.<br><br>SCI-HUB d/b/a WWW.SCI-HUB.ORG, THE LIBRARY GENESIS PROJECT d/b/a LIBGEN.ORG, ALEXANDRA ELBAKYAN, JOHN DOES 1-99,<br><br>                                        Defendants. | Index No. 15-cv-4282 (RWS) |

### DECLARATION OF JOSEPH V. DEMARCO IN SUPPORT OF PLAINTIFFS' APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY

I, JOSEPH V. DEMARCO, declare as follows is true and correct:

1. I submit this declaration in support of Plaintiffs' Application for Leave to Take Expedited Discovery from CloudFlare, Inc. regarding the identity of the Defendants who operated the websites **Bookfi.org** and **Libgen.org**.

2. I am a member of the Bar of this Court and a partner of the law firm of DeVore & DeMarco LLP, attorneys for plaintiffs Elsevier Inc., Elsevier B.V., and Elsevier Ltd. (together the "Plaintiffs" or "Elsevier") in this above-referenced matter. My office address is 99 Park Avenue, Suite 1100, New York, New York, 10016.

3.      Plaintiffs' application is directed toward obtaining discovery concerning the identity of John Doe Defendants from CloudFlare, Inc., a third-party service provider whose services have been used by the unknown operators of **www.libgen.org** and **www.bookfi.org**.

4.      In the course of investigating a website in the context of civil or criminal proceedings, it is a routine practice to use publicly-accessible WHOIS records to learn the identity of the operator of a website, contact information for that operator, and the IP address and location of the server upon which the website is hosted.

5.      When domain names are registered using anonymization services, however, the publicly-accessible WHOIS records will reflect the identity and contact information of the anonymization service, rather than that of the website's operator.

6.      During the course of our investigation into the activities libgen.org and bookfi.org, we have, in addition to searching publicly-available WHOIS records, also consulted proprietary sources of historical domain name registration information.  These searches have not revealed the identity of the operators of bookfi.org or libgen.org.

7.      Pursuant to this Court's Order of October 28, 2015, we requested that Whois Privacy Corp., the domain registration anonymization service used by both bookfi.org and libgen.org, provide us with information sufficient to identify those websites' operators.  A copy of that request, dated November 18, 2015, is attached hereto as Exhibit A.

8.      Whois Privacy Corp. has neither provided the requested information nor responded to our request in any manner whatsoever.

9.      The operators of libgen.org and bookfi.org have neither appeared in this action nor contacted Elsevier or my firm.

10. Since shortly following the entry of the preliminary injunction in this case on October 28, 2015, we have not observed any website configured at the domains libgen.org or bookfi.org. We have, however, discovered several new mirror sites operated by the Defendants in this action, including golibgen.io, which is currently accessible through an automatic re-direct to any user who attempts to visit www.libgen.org.

11. Attached hereto as Exhibit B is a proposed subpoena in substantially the form as Plaintiffs intend to issue should this Court grant Plaintiff leave to do so.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 14, 2016

                    Respectfully submitted,

                    DEVORE & DEMARCO LLP

By: /s/ Joseph V. DeMarco
Joseph V. DeMarco (JD3499)
David M. Hirschberg
Urvashi Sen
99 Park Avenue – Suite 1100
New York, New York 10016
(212) 922-9499

*Attorneys for Plaintiffs Elsevier Inc., Elsevier B.V., and Elsevier Ltd.*