AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| Elsevier Inc., Elsevier B.V. and Elsevier Ltd. <br> *Plaintiff* <br> v. <br> Www.Sci-Hub.org, The Library Genesis Project, Alexandra Elbakyan, John Does 1-99 <br> *Defendant* | ) ) ) ) Civil Action No. 15-4282 (RWS) (S.D.N.Y.) ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: CloudFlare, Inc., 101 Townsend St., San Francisco, CA 94107

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A

| Place: DeVore & DeMarco, LLP <br> 99 Park Avenue, Suite 1100 <br> New York, NY 10016 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Elsevier Inc., Elsevier B.V. and Elsvier Ltd._____, who issues or requests this subpoena, are:

Joseph V. DeMarco - 99 Park Avenue, Suite 1100, New York, NY 10016, jvd@devoredemarco.com, (212) 922-9499

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  15-4282 (RWS) (S.D.N.Y.)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:15-cv-04282-RWS   Document 68-2   Filed 09/13/16   Page 3 of 9

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

<u>DEFINITIONS</u>

A. The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

B. When referring to a person, to "IDENTIFY" means to give, to the extent known, the person's full name, present or last known address, or email address. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

C. When referring to documents, to "IDENTIFY" means to give, to the extent known, the (i) type of DOCUMENT; (ii) general subject matter; (iii) date of the DOCUMENT; and (iv) author(s), addressee(s) and recipient(s).

D. The terms "PLAINTIFF" and "DEFENDANT" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

E. The term "PERSON" is defined as any natural PERSON or any business, legal or governmental entity or association.

F. The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

G. The terms "ALL" and "EACH" shall be construed as ALL and EACH.

H.	The connectives "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the subpoena all responses that might otherwise be construed to be outside of its scope.

I.	The term "INCLUDING" as used herein is illustrative and in no way limits the information requested.

J.	The use of the singular form of any word includes the plural and vice versa.

K.	The term "ELSEVIER" means PLAINTIFFS Elsevier Inc., Elsevier B.V, and Elsevier Ltd., as well as their officers, directors, employees, representatives and agents, and all of their present and former affiliated entities, including but not limited to parent, sister or subsidiary corporations or entities with substantial common ownership or management.

L.	The term "CLOUDFLARE" means CLOUDFLARE, Inc., its officers, directors, employees, representatives and agents, and all of its present and former affiliated entities, including but not limited to parent, sister or subsidiary corporations or entities with substantial common ownership or management.

M.	The term "the DOMAINS" refers to the following URLs, along with any subdomains thereof: (a) **libgen.org** and (b) **bookfi.org**.

INSTRUCTIONS

A.      Pursuant to Federal Rule of Civil Procedure 45, CLOUDFLARE must produce the below-enumerated categories of DOCUMENTS, including tangible items of any nature which are now or have at any time been within the possession, custody or control of CLOUDFLARE.  In lieu of producing the original DOCUMENTS, CLOUDFLARE may provide a legible copy to PLAINTIFF'S counsel at Devore & DeMarco LLP, 99 Park Avenue, Suite 1100, New York, New York 10016 within the time permitted by law.  By permitting CLOUDFLARE to provide legible copies in lieu of the originals, PLAINTIFF reserves the right to request the inspection of any original DOCUMENT at any time and place that is mutually convenient for PLAINTIFF and CLOUDFLARE.

B.      All DOCUMENTS are to be produced as they are kept in the usual course of business, so that PLAINTIFF can ascertain the files in which DOCUMENTS were located, their relative order in the files and how the files were maintained; and all DOCUMENTS are to be produced in a form which accurately reflects their condition as maintained by CLOUDFLARE in the usual course of business, including but not limited to:

   i. that all associated file labels, file headings and file folders be produced together with the responsive DOCUMENTS from each file;

   ii. that all pages now stapled or otherwise fastened together be produced, stapled or fastened together in the same manner;

   iii. that all DOCUMENTS of which a legible reproduction cannot be furnished be produced in their original form.

C. Each DOCUMENT produced shall be identified according to the number of the request to which it corresponds.

D. For each DOCUMENT produced, identify the PERSON for whom, or the department, division, or office for which, the DOCUMENT is maintained.

E. Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

F. Where knowledge or information of CLOUDFLARE is requested, the answer should also include knowledge or information of CLOUDFLARE's agents, employees, and attorneys.

G. If CLOUDFLARE withholds DOCUMENTS on the basis of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5), state the privilege claimed and state all information on which CLOUDFLARE bases that claim. In addition, with respect to each DOCUMENT for which a claim of privilege is made, state (a) the name of the DOCUMENT; (b) the name and address of the PERSON(S) who prepared the DOCUMENT; (c) the PERSON(S) to whom the DOCUMENT was directed or circulated; (d) the date(s) on which the DOCUMENT was prepared or transmitted; (e) the name and address of the PERSON now in possession of the DOCUMENT; (f) the subject matter of the DOCUMENT; and (g) the specific nature of the privilege(s) claimed.

H. The requests set forth in this Subpoena shall be deemed to be continuing so as to require further and supplemental response as additional responsive information is obtained or located from the time of initial response to the time of trial in this action.

I. If any responsive DOCUMENT that was in the possession of CLOUDFLARE is no longer in its possession, identify the DOCUMENT and its present custodian.

J. If any responsive DOCUMENT was in the possession of CLOUDFLARE but has been lost, stolen, discarded or destroyed, identify each such DOCUMENT and provide the date of disposal, the manner of disposal, the reason for disposal, the PERSON authorizing the disposal and the PERSON disposing of the DOCUMENT.

K. CLOUDFLARE shall preserve in their original form all DOCUMENTS and files which are or may be responsive to this Subpoena.

L. If CLOUDFLARE objects to a request as unduly burdensome or overly broad, CLOUDFLARE shall answer those portions of the request which are unobjectionable and state specifically in what respect the request is objectionable.

REQUESTS FOR PRODUCTION

1. Any and all DOCUMENTS, **excluding the contents of any electronic communications**, in the possession, custody or control of CLOUDFLARE CONCERNING the DOMAINS including, but not limited to:

   A. DOCUMENTS which IDENTIFY the responsible hosting provider at which the DOMAINS were hosted at any time during which the DOMAINS were active on CLOUDFLARE

   B. The Internet Protocol (IP) Address at which the DOMAINS were hosted at any time during which DOMAINS were active on CLOUDFLARE

   C. DOCUMENTS which IDENTIFY the PERSON or entity who registered or administered the DOMAINS with CLOUDFLARE, including, but not

limited to, any name, address, email address, or phone number provided by such PERSON or entity to CLOUDFLARE, any billing information provided by such PERSON or entity, and any IP Address captured at the time such PERSON or entity accessed any CLOUDFLARE website or service.