UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSEVIER INC., ELSEVIER B.V., ELSEVIER LTD. <br><br> Plaintiffs, <br><br> v. <br><br> SCI-HUB d/b/a WWW.SCI-HUB.ORG, THE LIBRARY GENESIS PROJECT d/b/a LIBGEN.ORG, ALEXANDRA ELBAKYAN, JOHN DOES 1-99, <br><br> Defendants. | Index No. 15-cv-4282 (RWS) |

**DECLARATION OF PAUL F. DODA, ESQ. IN SUPPORT OF PLAINTIFFS' APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

I, PAUL F. DODA, declare as follows is true and correct:

1.      I submit this declaration in support of Plaintiffs' Application for Leave to Take Expedited Discovery from CloudFlare, Inc. regarding the identity of the Defendants who operated the websites **Bookfi.org** and **Libgen.org**.

2.      I am Global Litigation Counsel at Elsevier Inc.  In that capacity, I am responsible for and familiar with Elsevier's copyright enforcement matters, including its investigation of and responses to online piracy and content theft.  My office is located at 230 Park Avenue, Suite 800 New York, New York 10169.

3.       I have been employed by Elsevier since 2007, and have been a lawyer within the wider Reed Elsevier group of companies (now known as RELX Group) since 2001.

1

### A. Elsevier's ScienceDirect Platform

4.     Elsevier is the world's leading publisher of peer-reviewed scholarly journals. Elsevier currently publishes more than 2,500 scholarly journals and approximately 365,000 articles annually in those journals. Elsevier is also a leading publisher of scholarly books, publishing approximately 33,000 books. Elsevier's scholarly journals include world-renowned publications such as *The Lancet* and *Cell*.

5.     Elsevier operates "ScienceDirect," an online platform through which users can access the contents of Elsevier-published scientific, technical, engineering, and medical journals and book chapters. As of March 30, 2015, the ScienceDirect platform contains approximately 12.3 million scientific journal articles and 33,000 books.

6.     Elsevier owns the copyrights in a substantial portion of the materials it makes available through ScienceDirect. In addition, Elsevier is the exclusive licensee of the copyrights in a majority of the works on ScienceDirect in which it does not own the copyright.

### B. Defendants' Unlawful Distribution of Elsevier Content

7.     The Library Genesis Project is an illegal online repository of copyrighted works, including scientific articles and book chapters illegally obtained from the ScienceDirect platform. At the time of the commencement of this action, the Library Genesis Project maintained websites reachable at a number of Internet addresses, including at the URL "libgen.org."

8.     The Library Genesis Project claims to store and distribute millions of copyrighted scientific works, including a great number of Elsevier's copyrighted works, to its users at no cost. To my knowledge, the Library Genesis Project is one of the largest, if not the single

2

largest, repository of pirated copies of Elsevier's (and other publishers') copyrighted scientific works on the Internet.

9. Elsevier has not at any time authorized the Library Genesis Project to distribute any of Elsevier's copyrighted works through any channel, including through the **libgen.org** website.

10. As of the time of this Declaration, the libgen.org URL redirects to **golibgen.io**, which appears to be a mirror of at least a substantial portion of the Library Genesis Project repository. The golibgen.io homepage bears a copyright notice of "© 2010 Libgen", where the word "Libgen" is a hyperlink to **gen.lib.rus.ec**, which is the current location of the main Library Genesis Project website. A true and correct screenshot of the golibgen.io homepage, retrieved on September 8, 2016, is attached hereto as Exhibit A.

11. Following this Court's Order, dated October 28, 2015, granting Elsevier's motion for a preliminary injunction against Defendants, the Libgen.org domain was temporarily inaccessible. WHOIS records retrieved on August 15, 2015 indicate that at that time, Libgen.org used CloudFlare's services to mask the location of its servers. A true and correct copy of WHOIS records for Libgen.org, retrieved August 15, 2015, is attached hereto as Exhibit B.

12. In addition to the Libgen.org URL, the Library Genesis Project repository is maintained or accessed through a number of "mirror" websites. Among these "mirror" sites is **Bookfi.org**. At the time of the commencement of this action, Bookfi.org provided access to a substantial portion of the Library Genesis Project repository, including to pirated copies of Elsevier's copyrighted scientific works.

13. Following this Court's Order, dated October 28, 2015, granting Elsevier's motion for a preliminary injunction against Defendants, the Bookfi.org domain became inaccessible and has remained so to the date of this Declaration. WHOIS records retrieved on August 15, 2015 indicate that at that time, Bookfi.org used CloudFlare's services to mask the location of its servers. A true and correct copy of WHOIS records for Bookfi.org, retrieved August 15, 2015, is attached hereto as Exhibit C.

**C. Defendants' Use of CloudFlare's Services to Mask Their Location and Identity**

14. CloudFlare provides a number of services to the operators of websites to increase performance and provide security. Among those services is one that routes traffic to and from a CloudFlare client's website through CloudFlare's globally-distributed network. This process has several advantages for CloudFlare's clients. Among those advantages is that a malicious actor seeking to attack a CloudFlare client's website will only be able to determine the location of CloudFlare's server, and can therefore not directly attack the client's server. A true and correct copy of an excerpt from CloudFlare's description of this process, entitled "Step 1: How does CloudFlare work?", and accessible at https://support.cloudflare.com/hc/en-us/articles/205177068-Step-1-How-does-CloudFlare-work-, is attached hereto as Exhibit D.

15. In addition to providing performance benefits and security to legitimate websites, CloudFlare's services can be exploited by unlawful websites to avoid identification of the location of their servers and the identity of their operators. Publicly-available WHOIS records do not indicate the true location of the website's server or the entity which provides that server (who could then be the subject of a discovery request). Rather, the only information accessible to the public is that the website is being routed through a CloudFlare server.

16. CloudFlare requires its clients to provide certain information in order to use its services. Specifically, in order for CloudFlare to connect a website to its network delivery system, a client must provide CloudFlare the IP address of the server whose traffic will be routed through the network. In addition, CloudFlare may have identifying and/or billing information concerning the client.

17. Both Libgen.org and Bookfi.org have, as described above, used CloudFlare's services. Elsevier therefore strongly believes that CloudFlare has in its possession information that either identifies the operators of the Libgen.org and Bookfi.org websites or that will assist Elsevier in its efforts to identify those operators.

**D. Elsevier's Efforts to Learn the Identity of the John Doe Operators of Libgen.org and Bookfi.org**

18. In the current action, the operators of Libgen.org and Bookfi.org are named as "John Doe" defendants because Elsevier has been unable to determine the true identity of the operators of those sites, or even the true location of the servers upon which those sites are hosted. This is because the John Doe Defendants have used varied means, including the use of CloudFlare's services, to anonymize their location, to mask their true identities.

19. At all times since Elsevier became aware of the infringing activities of Libgen.org and Bookfi.org, those sites' domain names have been registered through anonymization services that effectively mask the identities of the true owners of the domain names. Through counsel, and pursuant to this Court's Order of October 28, 2015, Elsevier has attempted to obtain identifying information concerning the owners of the domain names. To date, Elsevier has not received any response to those requests.

20. Elsevier's anti-piracy efforts include engaging Digimarc Corporation to, among other functions, obtain information from certain Internet service providers when needed to enforce Elsevier's intellectual property rights.

21. Through its "Trusted Reporter Program," CloudFlare agrees to provide host IP addresses for websites which infringe the intellectual property rights of certain rights holders, including Elsevier, and to specific monitoring vendors, including Elsevier's vendor Digimarc.

22. Elsevier has attempted to use the mechanism described in paragraphs 20 and 21 above by requesting that Digimarc obtain host IP addresses for the Libgen.org and Bookfi.org domains from CloudFlare. However, when Digimarc attempted to request this information, CloudFlare's system rejected the requests because they related to domains that were not at the time active on CloudFlare's network. A true and correct copy of the error message received by Digimarc upon the attempted request for information concerning Libgen.org, generated on September 8, 2016, is attached hereto as Exhibit E.

23. As a result of the circumstances described above, Elsevier has been unable to learn the true identity or location of the operators of the Libgen.org and Bookfi.org domains, and can therefore not name such individuals as defendants in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Sept. 13, 2016.

_____
Paul F. Doda